**UNITED STATES of America, Plaintiff,**

v.

**AMERICAN BUILDING MAINTENANCE INDUSTRIES, Defendant.**

**Civ. A. No. 71-55-JWC.**

United States District Court,
C. D. California.

Dec. 12, 1973.

Dennis J. Michael, Antitrust Division, Dept. of Justice, Los Angeles, Cal., for plaintiff United States.

Lawler, Felix & Hall, Marcus Mattson, Anthonie M. Voogd, Los Angeles, Cal., for defendant American Building Maintenance Industries.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

CURTIS, District Judge.

The above entitled action came on regularly for hearing on September 4, 1973, before the Court, the Honorable Jesse W. Curtis, United States District Judge presiding, on the motion of defendant American Building Maintenance Industries for a summary judgment of dismissal for lack of federal jurisdiction against plaintiff United States of America, and said plaintiff and said defendant being represented by their respective counsel, and the Court having considered the pleadings and said motion and the papers filed in support thereof and other papers on file herein and the arguments of counsel, and being fully advised in the premises, and it appearing that there is no genuine issue as to the facts hereinafter set forth, the Court now makes its Findings of Fact and Conclusions of Law as follows:

### FINDINGS OF FACT

1. Defendant American Building Maintenance Industries is, and at all times relevant to this action was, a corporation organized under the laws of the State of California, having its principal office in San Francisco, California.

2. J. E. Benton Management Corporation, formerly named Pacific Realty Securities Company, was at all times relevant to this action a corporation organized under the laws of the State of California having its only office in Los Angeles, California.

3. On June 30, 1970 all of the stock of J. E. Benton Management Corporation was acquired by defendant.

4. Prior to June 30, 1970 and at all times relevant to this action, J. E. Benton Management Corporation engaged in the real estate business and the business of providing building management, janitorial and related services. These were the only businesses engaged in by J. E. Benton Management Corporation and they were conducted entirely within Los Angeles, Orange and Ventura Counties in California.

5. J. E. Benton Management Corporation had no manufacturing plant, no sales or distribution outlets, no product which was sold or shipped, no patents or scientific know-how, and no location or business situs advantage.

6. Between March 1, 1970 and June 30, 1970 J. E. Benton Management Corporation made no purchases of products which were shipped to it from outside California.

7. Between March 1, 1969 and February 28, 1970 J. E. Benton Management Corporation made no purchases of any product or services of any kind or character which were shipped to it from outside California except the following:

(a) Real estate publications costing $13.39 from Matthew Bender Company, Albany, New York;

(b) Reel rack costing $25.01 from Monarch Metal Products, New Windsor, New York;

(c) Income tax publication costing $79.98 from Prentice Hall, Inc., Engelwood Cliffs, New Jersey; and

(d) Sign purchase costing $11.97 from Ready Made Sign Company, Long Island, New York.

■ These purchases do not represent a substantial or appreciable amount of interstate commerce by any standard and are *de minimus*.

8. J. E. Benton Management Corporation did not advertise nationally. It purchased advertising in the yellow pages of local telephone directories and distributed brochures describing its business to prospective customers.

9. Benton Maintenance Company, formerly named S. W. Straus & Co. and Affiliated Maintenance Company, was at all times relevant to this action a corporation organized under the laws of the State of California, having its only office in Los Angeles, California.

10. On June 30, 1970 Benton Maintenance Company was merged into American Building Maintenance Company of California, a subsidiary corporation of defendant.

11. At all times relevant to this action Benton Maintenance Company was engaged in the business of providing janitorial and related services. This was the only business engaged in by Benton Maintenance Company and it was conducted entirely within Los Angeles, Orange and Ventura Counties in California.

12. Benton Maintenance Company had no manufacturing plant, no sales or distribution outlets, no product which was sold or shipped, no patents or scientific know-how and no location or business situs advantage.

13. Between January 1, 1969 and June 30, 1970 Benton Maintenance Company made no purchases of products which were shipped to it from outside California.

14. Benton Maintenance Company did not advertise nationally. It purchased advertising in the yellow pages of local telephone directories and distributed brochures describing its business to prospective customers.

15. J. E. Benton Management Corporation and Benton Maintenance Company received telephone services from The Pacific Telephone and Telegraph Company ("Pacific") over telephone number 737–3220 through a single switchboard at their offices located at 3727 West Olympic Boulevard, Los Angeles, California. From January 1969 through June 1970 Pacific billed J. E. Benton Management Corporation $18,310.70 for these services. Pacific was paid $18,260.45 on these bills of which $19.78 represented payment of charges for ten out-of-state calls apparently related to the business activities of the Benton corporations. These ten calls do not represent a substantial or appreciable amount of interstate commerce by any standard and are *de minimus.*

16. The business of the Benton corporations in providing janitorial services, and the janitorial service business generally is an intensely local activity. No commodity is sold. The only sale made (if it be a sale) is the sale of unskilled labor of janitors necessary to clean buildings. There is no tangible property involved in the business except insignificant, incidental facilities.

17. The Benton corporations purchased supplies as needed. They did not enter into any requirements or continuing supply contracts with its suppliers. There are no significant economies to be realized through bulk or quantity purchases of supplies necessary to the provision of janitorial services. Supplies represent a minor part of the total costs of providing janitorial service. The basic service provided was the labor necessary to perform the cleaning work. Costs of supplies represent approximately three percent of total amounts paid by customers for janitorial services.

18. The major suppliers of the Benton corporations were:

(a) Ball Industries, El Segundo, California, which delivered industrial and janitorial equipment and supplies from its warehouse to the Benton corporations' warehouse at 3727 West Olympic Boulevard or to customer locations specified by the Benton corporations;

(b) National Sanitary Supply Co., Los Angeles, California, which delivered paper goods and other janitorial

**1008**

supplies from its warehouse to the Benton corporations' warehouse or to customer locations specified by the Benton corporations;

(c) U. S. Guards, Monterey Park, California, which provided the Benton corporations with building guard services on a subcontract basis; and

(d) Courtesy Chevrolet Leasing, Los Angeles, California, which leased vehicles to the Benton corporations.

19. Plaintiff United States of America does not allege in its complaint herein that the Benton corporations, or either of them, are engaged in commerce, nor does plaintiff allege that the effect of the acquisition and merger may be to substantially lessen competition or tend to create a monopoly in the sale of janitorial services in areas other than areas wholly within California.

20. The following Conclusions of Law, insofar as they may be considered Findings of Fact, are so found to be true in all respects and are to that extent adopted by the Court as Findings of Fact.

Based upon the foregoing Findings of Fact, the Court concludes as follows:

CONCLUSIONS OF LAW

21. There is no genuine issue as to any of the foregoing facts which are determinative of the cause.

22. J. E. Benton Management Corporation was not a corporation engaged in commerce at the time of the acquisition of its stock by defendant.

23. Benton Maintenance Company was not a corporation engaged in commerce at the time of its merger into American Building Maintenance Company of California, a subsidiary corporation of defendant.

24. There is no jurisdiction of the Federal Court in this action under Section 7 of the Clayton Act. (15 U.S.C. § 18.)

25. Plaintiff United States of America is not entitled to a judgment or a final decree or damages against defendant.

26. Defendant is entitled to a summary judgment in its favor dismissing this action and judgment of dismissal should be entered accordingly.

27. The foregoing Findings of Fact, insofar as they or any of them may be considered Conclusions of Law, are to that extent hereby adopted by the Court as Conclusions of Law.